BARRY, Judge.
Defendant, New Orleans Public Service, Inc., appeals a jury verdict only on quantum urging the award for pain and suffering was excessive.
Plaintiff, a fare-paying passenger, was attempting to alight from defendant’s bus through its rear door when the vehicle moved forward with the door partially open. Plaintiff testified she fell into a sitting position and while holding the the door rail was dragged with one leg inside and the other leg outside the bus. N.O.P.S.I. admitted liability.
Four days after the accident plaintiff was examined by Dr. Wilmot Plouger, an orthopedist, who testified that he found tenderness over the posterior aspect of the right shoulder with full range of motion, but there was pain with flexion and abduction. He also found tenderness over the lower back with no palpable spasm, full range of motion of the lumbar spine, and tenderness over the right and left feet medially with no swelling. Vistaril was prescribed for the nausea which was associated with the pain.
One week post-accident: The diagnosis was unchanged but plaintiff’s pain persisted in the shoulder and lower back. Examination revealed tenderness over the shoulder, the right scapula and lower back with full range of motion in the shoulder, and restricted motion in her back without spasms. Tylenol with codeine was prescribed and plaintiff was placed on parafon forte and advised to use heat on the affected areas. The physician felt she was too symptomatic to return to work.
Three weeks post-accident: Plaintiff still experienced shoulder pain with the back *1313 injury improving. Examination revealed tenderness of the shoulder but she was still unable to return to work.
Five weeks post-accident: Tenderness in the lower back persisted. Plaintiff had returned to work, however, the orthopedist testified she had not completely recovered and was still symptomatic. Tylenoí for pain and parafon forte as a muscle relaxant was continued.
Nine weeks post-accident: The examination was normal, there were no complaints, and the physician felt she had convalesced. Dr. Plouger testified a patient can have pain without spasm and in obese patients (plaintiff weighs almost 200 pounds) spasm is difficult to locate and feel. Finally, the physician testified that in his opinion plaintiff was not a malingerer and was sincere in her complaints.
Plaintiff testified when she got home after the accident she took tylenol, a hot bath and applied heat. She described the accident as frightening because of her awkward and potentially dangerous position in the doorway. During recuperation she received phone calls from her employer asking when she would return to work which created the fear that she would lose her job. As a result, she testified she went back to work while still in pain and her problems continued after discharge by Dr. Plouger.
A “sitter” testified that for approximately six weeks after the accident she performed manual chores which the plaintiff could not do for herself, i. e., cook, buy groceries, clean the house, and give her baths.
A co-worker testified that before the accident plaintiff’s work was satisfactory and dependable, but following the accident plaintiff required assistance in her nurse’s duties and was “uncomfortable” while working.
The jury awarded $535.00 for lost wages, $525.00 for medical expenses, and $7,000.00 for pain and suffering. Appellant argues that plaintiff’s injuries were not serious, lasted less than two months, there were no objective signs of injury or limitation of motion, and the jury award for pain and suffering should be reduced to the $2,500.00 range.
We can only surmise that the jury was impressed by plaintiff’s complaint and the medical testimony and treatment which was required. The duration of pain does not cover a specific period of time, but apparently exceeded her medical treatments.
When requested to review and reduce quantum, we are ever mindful of the necessity to consider this particular plaintiff concerning her particular injuries. A review of this record convinces us that the jury had sufficient reason to render its award and we are unable to articulate otherwise. Reck v. Stevens, 373 So.2d 498 (La. 1979). We fail to find manifest error as a basis to disturb the award. Canter v. Koehring Co., 283 So.2d 716 (La. 1973); Arceneaux v. Domingue, 365 So.2d 1330 (La. 1978).
Accordingly, the judgment of the District Court is affirmed with appellant to pay all costs of appeal.
AFFIRMED.